# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY ALAN GARDNER,<br><br>Defendant. | Case No. CR13-3004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Chad R. Frese.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 24, 2013, Defendant Corey Alan Gardner was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine (Count 1), distribution of methamphetamine (Counts 6-8), and possession of methamphetamine with intent to distribute by a felon (Count 11). At the arraignment on February 1, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 1, 2013.

At the hearing, Cerro Gordo County Deputy Sheriff Frank J. Hodak testified regarding the circumstances underlying the instant charges.[1] On October 29, 30, and 31, 2012, Defendant was involved in three controlled drug transactions. On each date, a

---

[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

1

confidential informant ("CI") purchased methamphetamine from Defendant.[2] On November 1, 2012, law enforcement executed a search warrant at Defendant's residence. Inside the residence, law enforcement found 39.81 grams of 90% pure methamphetamine. Additionally, multiple sources told law enforcement that Defendant was a large scale dealer of methamphetamine in the Mason City area. Sources also told law enforcement that Defendant would travel to Minnesota and bring back ounce quantities of methamphetamine for distribution.

On November 7, 2012, Defendant was observed leaving the residence of Amanda Eldridge, a co-defendant in this matter, carrying two large bags. He was driving with a suspended license. Deputy Hodak decided to conduct a traffic stop, and intended to follow Defendant to his residence and box him into his driveway because Hodak was aware of Defendant's history of high speed chases. Before Hodak could execute his plan to box Defendant into his driveway, Defendant took off in his vehicle. A chase ensued, and Defendant drove in excess of 70 miles per hour in a residential neighborhood. During the chase, Defendant struck a patrol car, and his car eventually stopped working. Defendant then attempted to flee on foot, but surrendered to law enforcement. During the chase, Defendant threw methamphetamine and a scale out of his vehicle. Law enforcement also found $16,200 in cash in a bag in Defendant's vehicle. Defendant has been in state custody since that incident.

According to the pretrial services report, Defendant is 32 years old. He was born in Hudson, Wisconsin, but has lived most of his life in the Mason City area. He has lived "off and on" with his parents in Nora Springs, Iowa for most of his adult life. If released, he would reside with his parents in Nora Springs. Defendant is single, has never been married, and has no children.

---

[2] On October 29, the CI purchased 3.42 grams of 88% pure methamphetamine from Defendant. On October 30, the CI purchased 6.87 grams of 87% pure methamphetamine from Defendant. On October 31, the CI purchased 6.7 grams of 90% pure methamphetamine from Defendant.

Defendant has a sporadic work history and is currently unemployed. He has not worked since June 2012, and last worked for a "few months" through a temporary staffing agency prior to June 2012. Except for a cracked tooth, Defendant is in good physical health. He reported suffering from mental health problems for most of his adult life. He has been diagnosed with bipolar disorder and is prescribed medication as treatment. He was committed to a mental health facility in 1995 and 2006. According to the pretrial services officer, Defendant's mother verified his mental health history and stated that Defendant has also been diagnosed with attention deficit hyperactivity disorder and conduct disorder.

Defendant denied any history of abusing alcohol. He told the pretrial services officer that he used marijuana daily as a teenager, but has not used it since 1995. He stated that he has used methamphetamine on a regular basis since 1995, and has used it on a daily basis for the past two years. He further stated that he uses cocaine on an occasional basis. Defendant has undergone substance abuse treatment while incarcerated, most recently in 2009.

Defendant has an extensive criminal record. In 1998, at age 18, Defendant was charged and later convicted in separate cases of possession of drug paraphernalia and fifth degree theft. He failed to appear for court proceedings in both cases. In 1999, Defendant was charged in five cases with possession with intent to deliver methamphetamine, possession of drug paraphernalia, dog at large, no rabies vaccination, and fifth degree theft. Defendant committed these offenses while other offenses were pending. He was convicted of all of the charges except the possession of drug paraphernalia charge, which was dismissed. He failed to appear for multiple hearings related to these charges. On the possession with intent to deliver methamphetamine charge, Defendant was given a 10 year suspended prison sentence and 3 years probation. Violation of probation petitions were filed on two separate occasions, and his probation was revoked in January 2001. He was sentenced to 10 years in prison. He was paroled in November 2002, and discharged from parole in April 2005.

In May 2000, while on probation, Defendant was charged and later convicted of fifth degree theft. In September 2000, while on probation, Defendant was charged and later convicted of possession with intent to deliver methamphetamine. He failed to appear for a court hearing and was eventually sentenced to 10 years in prison. He was paroled in November 2002, and discharged from parole in April 2005. In November 2000, while on probation and while the methamphetamine charge was pending, Defendant was charged and later convicted of forgery. He was sentenced to 2 years in prison.

In 2005, Defendant was charged in 8 separate cases with eluding (twice), possession of drug paraphernalia (three times), OWI, interference with official acts, and possession of methamphetamine, third offense. Except for the initial eluding charge, all of these charges occurred while other charges were pending. The possession of drug paraphernalia, interference with official acts, and second eluding charges were all dismissed. Defendant was convicted of the first eluding charge, and OWI and possession of methamphetamine charges. Defendant was sentenced on the eluding charge and possession charge on the same date. In both cases, Defendant was given a 5 year suspended prison sentence and 5 years probation. In July 2007, while on probation, Defendant was charged and later convicted of possession of methamphetamine, his fourth such offense. He was sentenced to 5 years in prison in September 2007. Also in September 2007, Defendant's probation in the 2005 cases was revoked and he was sentenced to 5 years in prison. He was paroled in March 2008, but his parole was revoked in September 2009, and he was returned to prison. His sentence was discharged in September 2010.

On November 14, 2008, while on parole, Defendant was charged in two separate cases with possession of drug paraphernalia, and driving while barred, interference with official acts, and eluding. The drug paraphernalia charge was dismissed. Defendant was sentenced to 2 years in prison on the other charge. His sentence was discharged in September 2010.

On August 29, 2011, Defendant was charged in two separate cases with fifth degree theft and trespass, and possession of anhydrous ammonia. The theft and trespass charges were dismissed. Defendant was sentenced to 365 days in jail, with 245 days suspended, on the anhydrous ammonia charge, and given 1 year probation. A violation of probation petition was filed against Defendant for failing to attend office visits and maintain employment, violating curfew, failing to provide urine samples for drug testing, and testing positive for controlled substances. In June 2012, Defendant was found in contempt of court.

On November 7, 2012, Defendant was charged in two separate cases with possession of drug paraphernalia and interference with official acts, and possession with intent to deliver methamphetamine, failure to affix a tax stamp, and eluding. Trial is currently scheduled in the drug paraphernalia and interference with official acts case in state court. The other case was dismissed, following the filing of the instant federal indictment on related charges.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine (Count 1), distribution of methamphetamine (Counts 6-8), and possession of methamphetamine with intent to distribute by a felon (Count 11). Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. The three counts of distribution of methamphetamine are based on three separate controlled drug transactions on October 29, 30, and 31, 2012. In each of those controlled drug transactions, a CI purchased

methamphetamine from Defendant. All three controlled drug purchases were surveilled and recorded by law enforcement. Deputy Hodak also testified that multiple sources told law enforcement that Defendant was a major source for the distribution of methamphetamine in the Mason City area, which supports the conspiracy charge.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant has numerous convictions for controlled substance violations, including four convictions for the possession and/or distribution of methamphetamine. He also has a history of committing additional offenses while on pretrial release, probation, and parole. He has failed to appear for court proceedings on multiple occasions. He is not currently employed. If convicted on the distribution charges, Defendant faces a mandatory minimum 10-year prison sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 1, 2013) to the filing of this Ruling (February 7, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of February, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA